UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **SAI LOUISIANA L L C** | **CASE NO. 2:22-CV-00277** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **INDEPENDENT SPECIALTY INSURANCE CO ET AL** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the court is a Motion to Dismiss [doc. 8] filed by defendant Warren Dietz under Federal Rule of Civil Procedure 12(b)(6). Plaintiff SAI Louisiana LLC, d/b/a Quality Suites, opposes the motion. Doc. 11. Plaintiff has also filed a Motion to Remand [doc. 13], which Dietz opposes on the basis of improper joinder. Doc. 16.

### I.
### BACKGROUND

This suit arises from a first-party insurance dispute following property damage incurred by plaintiff in Hurricane Laura, in August 2020. Plaintiff owns a hotel in Lake Charles, Louisiana, which was insured at all relative times under a commercial policy issued by defendant Independent Specialty Insurance Company ("ISIC"). According to the complaint, plaintiff filed a claim under this policy and ISIC's third-party adjuster retained Rimkus Consulting Group, Inc. ("Rimkus") to perform an engineering assessment of the property. Doc. 1, att. 1, p. 5. Rimkus assigned its employee, professional engineer Warren Dietz, to conduct an engineering assessment of the property. According to plaintiff, Dietz's

report grossly and intentionally mischaracterized the structural damage to the property and was a basis for ISIC's underpayment of the claim. *Id.*

Plaintiff, a Louisiana limited liability corporation with citizenship in Louisiana and Kentucky, filed suit against ISIC, which was incorporated under the laws of Delaware and has its principal place of business in Texas, and Dietz, a resident of Louisiana, in the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana. *Id.*; doc. 1 (providing additional details on citizenship). It raised claims of breach of insurance contract and bad faith against ISIC and fraud against Dietz. Doc. 1, att. 1. ISIC then removed the suit to this court, asserting that diversity jurisdiction existed under 28 U.S.C. § 1332 because Dietz had been improperly joined to defeat diversity. Doc. 1. It now moves to dismiss the claims against Dietz, asserting that there is no basis for recovering against him under Louisiana law. Doc. 8. Plaintiff opposes the motion. Doc. 11. Plaintiff also moves to remand the suit for lack of diversity jurisdiction, and Dietz opposes that motion on the basis that he has been improperly joined. Docs. 13, 16.

## II.
## LAW & APPLICATION

### A. Legal Standard

#### 1. Motion to Dismiss

Rule 12(b)(6) allows for dismissal of a claim when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims,

as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

**2. Motion to Remand**

Federal courts are courts of limited jurisdiction, possessing "only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Under 28 U.S.C. § 1441(a), a party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction. However, the removing party bears the burden of showing that this jurisdiction exists and that removal was procedurally correct. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

Federal courts have original jurisdiction over all suits between citizens of different states where the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs[.]" 28 U.S.C. § 1332. Removal is generally only proper if there is

"complete diversity," meaning that no defendant is from the same state as any plaintiff. *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016). When the plaintiff has improperly joined a non-diverse defendant to defeat subject matter jurisdiction, however, the court may disregard that party's citizenship. *Id.*

One way to establish improper joinder is by showing that the plaintiff cannot establish a cause of action—that is, that there is no possibility of recovery against—the non-diverse defendant. *Smallwood v. Illinois Central R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). In evaluating such a motion, district courts typically "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id.* To this end the court applies the pleading standards described above and resolves any doubt about the propriety of removal in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

### B. Application

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). Accordingly, the court evaluates plaintiff's claims against Dietz under Louisiana law. Most relevant case law to this matter arises from an insured's attempt to bring a claim against a third-party adjuster. Louisiana courts have found only limited exceptions, such as where the adjuster assumes a duty to the insured by engaging in fraud or misrepresentation. *Martin v. Wood*, 2011 WL 4550339, at *4 (E.D. La. Sep. 29, 2011) (citing *Pellerin v. Cashway Pharm. of Franklin*, 396 So.2d 371 (La. Ct.

App. 1st Cir. 1981)). Plaintiff maintains that Dietz is in the same position as an independent adjuster and that he can establish a right to recover based on such a misrepresentation. Specifically, it alleges that Dietz intentionally misrepresented the structural damage to its property as predating the storm, and thus not covered under the policy, in order to keep favor with the insurer.

Under Louisiana law, a claim for fraud requires "(1) a misrepresentation of material fact; (2) made with attempt to deceive; and (3) causing justifiable reliance with resultant injury." *Martin*, 2011 WL 4550339 at *4 (citing *Guidry v. U.S. Tobacco Co., Inc.*, 188 F.3d 619, 627 (5th Cir. 1999)). "[T]o state a cause of action in fraud arising from silence or suppression of the truth, there must be a duty to speak or disclose information." *Becnel v. Grodner*, 982 So.2d 891, 894 (La. Ct. App. 4th Cir. 2008) (citing *Greene v. Gulf Coast Bank*, 593 So.2d 630, 632 (La. 1992)). Such a duty arises from a fiduciary relationship, described as "one that exists when confidence is reposed on one side and there is resulting superiority and influence on the other." *Id.* (quoting *Plaquemines Par. Comm. Council v. Delta Dev. Co., Inc.*, 502 So.2d 1034, 1040 (La. 1987)).

Plaintiff likens this matter to *Dillon v. Lincoln General Insurance Company*, in which the Eastern District rejected a claim of improper joinder based on a fraudulent misrepresentation claim raised by the insured against a third-party adjuster. 2006 WL 3469954 (E.D. La. Nov. 30, 2006). There the fraud claim was based on alleged misrepresentations made directly to plaintiffs about damages to the insured property, for the apparent financial benefit of the adjuster. *Id.* Specifically, plaintiffs asserted:

> [A]t all times pertinent herein, Lincoln General and Delta Claims possessed direct knowledge and information to the extent that the [petitioners'] insured vehicles were total losses due to severe damage and salt water flooding, yet they ignored the information while wrongfully denying the truth, facts, and true value of the pending claims, Moreover, the actions of Delta Claims Service adjuster, for whom his employer is vicariously liable, constitute **fraud and misrepresentation by initially indicating that the vehicles would be "totaled" and thereafter providing conflicting statements regarding the amount of appraised damages with an eye toward somehow acquiring the damaged vehicles, presumably at a deep discount at some later date.**

*Id.* (emphasis in original).

Here, on the other hand, plaintiff has conceded that Dietz made no representations to it directly. Doc. 11, p. 7. In the absence of such a representation, the court finds no basis under state law for plaintiff to recover against Dietz. Otherwise, any insured who disagreed with the damages report generated by an agent of his insurer would have a direct cause of action against that individual for fraud—a consequence surely not contemplated by the Louisiana legislature in enacting the laws governing first party insurance claims. There are no facts that would support a fiduciary relationship between Dietz and the insured, meaning that the insured cannot recover against Dietz for his reliance on the information in the report. Plaintiff's remedy instead lies in its breach of insurance contract claim against its insurer. All claims against Warren Dietz will be dismissed without prejudice. *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 209 (5th Cir. 2016) ("When, as here, a court determines that a nondiverse party has been improperly joined to defeat diversity, that party *must* be dismissed without prejudice. If subject matter jurisdiction is based on diversity, a court never has jurisdiction over a nondiverse party.")

## III.
### CONCLUSION

For the reasons stated above, the Motion to Dismiss [doc. 8] will be granted and the Motion to Remand [doc. 13] will be denied, resulting in the dismissal without prejudice of all claims against Warren Dietz.

**THUS DONE AND SIGNED** in Chambers on this 21st day of March, 2022.

JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE